Gretchen M. Nelson (State Bar No. 112566)
Carlos F. Llinás Negret (State Bar No. 284746)
**NELSON & FRAENKEL LLP**
601 South Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-622-6469
Fax: 213-622-6019
Email: cllinas@nflawfirm.com
Email: gnelson@nflawfirm.com

*Attorneys for Plaintiffs Patti Berg, Melissa Juergens,
and the Estate of Gregg Juergens*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA JUERGENS, individually, and as Administrator of the ESTATE OF GREGG JUERGENS; PATTI BERG, Individually, | CASE NO.: **'22CV1287 GPC JLB** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | **JURY TRIAL DEMANDED** |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; KONGSBERG UNDERWATER TECHNOLOGY, LLC.; DAVID MURLINE, DOES 1 through 10, inclusive | |
| Defendants. | |

## **COMPLAINT**

MELISSA JUERGENS, individually, and as Administrator of the ESTATE OF GREGG JUERGENS; PATTI BERG, individually, ("Plaintiffs), by and through their undersigned attorneys, file their Complaint against REGENTS OF THE UNIVERSITY OF CALIFORNIA, KONGSBERG UNDERWATER TECHNOLOGY, LLC., DAVID MURLINE and DOES 1 through 10 (collectively "Defendants"), and alleges as follows:

**JURISDICTION**

1.     This Court has subject matter jurisdiction over the Plaintiffs claims against REGENTS OF THE UNIVERSITY OF CALIFORNIA and KONGSBERG UNDERWATER TECHNOLOGY, LLC. pursuant to 28 U.S.C. §1331. This is a seaman's personal injury action arising under 46 U.S.C. §30104 et seq. (commonly known as the "Jones Act"), providing that a "seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may bring a civil action at law, with the right of trial by jury against the employer." The claims against REGENTS OF THE UNIVERSITY OF CALIFORNIA and KONGSBERG UNDERWATER TECHNOLOGY, LLC. also arise under the General Maritime Law of the United States.

2.     In the alternative, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00

**PARTIES**

3.     Plaintiff MELISSA JUERGENS is, and at all relevant times was, an individual and resident of the State of Washington. Plaintiff MELISSA JUERGENS is Decedent GREGG JUERGENS' surviving daughter. Plaintiff MELISSA JUERGENS is also the duly appointed Administrator of the Estate of GREGG JUERGENS.

4.     Plaintiff PATTI BERG is, and at all relevant times was, an individual and resident of the State of Washington. Plaintiff PATTI BERG is decedent GREGG JUERGENS' surviving registered domestic partner.

5.     Decedent GREGG JUERGENS was at all relevant times an individual and resident of the State of Washington. At all relevant times Decedent GREGG JUERGENS was a seaman aboard the vessel R/V ROGER REVELLE, tasked with the operation and maintenance of radar equipment.

6.     In the alternative, and solely to the extent the finder of fact determines that Decedent GREGG JUERGENS was neither a seaman (as defined by the Jones Act, 46 U.S.C. §30104, and the General Maritime Law of the United States), nor a *Sieracki* seaman (as defined by

2

*Shipping Co. v. Sieracki*, 328 U.S. 85 (1946)); Plaintiffs allege Decedent GREGG JUERGENS was a "passenger for hire" aboard the vessel R/V ROGER REVELLE, as that phrase is used in 33 CFR §101.105, and within the meaning of *Yamaha Motor Corporation, U.S.A. v. Calhoun*, 516 U.S. 199, 215 (1996).

7.     Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA is, and at all relevant times was, a corporation charged by state law with administering the University of California as a public trust pursuant to Article IX, § 9 of the California Constitution (hereinafter "REGENTS"). REGENTS is the policy-making institution that determines what the policies are to be in its constituent universities. Among REGENTS' constituent universities is the University of California, San Diego (hereinafter "UCSD"), located in La Jolla, California. REGENTS, via its constituent university UCSD owned, controlled and operated the SCRIPPS INSTITUTION OF OCEANOGRAPHY ("SCRIPPS"). REGENTS-UCSD-SCRIPPS is, and at all times relevant was, operator and charterer of the vessel R/V ROGER REVELLE.

8.     Defendant KONGSBERG UNDERWATER TECHNOLOGY, LLC ("KONGSBERG) is a foreign limited liability company, engaged in systematic and continuous activities with the State of California. At all times material, Defendant KONGSBERG personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of California, and b) engaged in substantial business activity in the State of California.

9.     Defendant DAVID MURLINE is, and was at all relevant times, a resident of San Diego, California. Defendant DAVID MURLINE was at all times hereto Captain/Master and Shipboard Medic officer of the R/V ROGER REVELLE. At all times material, Defendant DAVID MURLINE personally or through an agent a) operated, conducted, engaged in and/or carrier on a business venture in the State of California, and b) engaged in substantial business activity in the State of California.

10.     Plaintiffs do not know the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe that each of the Doe Defendants was in some manner legally responsible for the damages alleged below.  Plaintiffs will amend this Complaint to set forth the

3

1  true names and capacities of these Defendants when ascertained, along with appropriate charging

2  allegations.

3     11.    Plaintiffs are informed and believe, and thereupon allege, that each of Defendants

4  designated herein as a Doe is responsible in some actionable manner for the events and

5  happenings referred to herein, and caused injuries to Plaintiffs, as hereinafter alleged, either

6  through said Defendants' conduct, or through the conduct of their agents, servants, employees.

7  The term "Defendant" or "Defendants" as used in this Complaint includes both the named

8  Defendants and Defendants sued under the fictitious names of Does 1 through 10, inclusive.

9     12.    Plaintiffs are informed and believe and therefore allege that, at all times relevant to

10  this action, Defendant, and each of them, were the agents, apparent agents, servants, employees,

11  assistants, and consultants of each of their co-Defendants, and were, as such, acting within the

12  course of and scope of the authority of their agency and employment, and that each and every

13  Defendant when acting as a principal, was negligent and careless in the selection and hiring of

14  each and every co-Defendant as an agent, apparent agent, servant, employee, assistant and/or

15  consultant.

16                    **GENERAL ALLEGATIONS**

17     13.    The incident which gave rise to this lawsuit occurred upon the navigable waters of

18  the Pacific Ocean within the territorial waters of the State of California, while the vessel R/V

19  ROGER REVELLE was anchored at 297 Rosecrans Street in San Diego, California.

20     14.    At all times material hereto, Defendant REGENTS-UCSD-SCRIPPS operated,

21  maintained and/or controlled the R/V ROGER REVELLE. In particular, the R/V ROGER

22  REVELLE is, and at all relevant times was, an auxiliary general-purpose research vessel (AGOR)

23  operated by REGENTS-UCSD-SCRIPPS under charter agreement with Office of Naval Research

24  as part of the University-National Oceanographic Laboratory System (UNOLS) fleet.

25     15.    At all times material hereto, Defendant DAVID MURLINE was Defendant

26  REGENTS-UCSD-SCRIPPS's employee, agent, servant, and/or apparent agent.

27     16.    On or about October 16, 2020, Defendant DAVID MURLINE was employed as

28  Captain/Master and Shipboard Medic aboard the R/V ROGER REVELLE. At all times material,

on October 16, 2020, during his interactions with Decedent GREGG JUERGENS and the rest of the crew, Defendant DAVID MURLINE acted within the scope of his employment and agency relationship with Defendant REGENTS-UCSD-SCRIPPS.

17.     On or about October 16, 2020, Decedent GREGG JUERGENS embarked on the R/V ROGER REVELLE.

18.     Prior to his embarkation on the R/V ROGER REVELLE, Decedent GREGG JUERGENS had no significant medical history.

19.     At all times material, Decedent GREGG JUERGENS was employed as a seafarer in the service of vessel R/V ROGER REVELLE.

20.     At all times material, Decedent GREGG JUERGENS was an employee, agent and/or servant of Defendant REGENTS-UCSD-SCRIPPS.

21.     Alternatively, Decedent GREGG JUERGENS was a borrowed servant of REGENTS-UCSD-SCRIPPS pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Decedent GREGG JUERGENS was performing work for REGENTS-UCSD-SCRIPPS aboard the R/V ROGER REVELLE, b) REGENTS-UCSD-SCRIPPS had control over the work Decedent GREGG JUERGENS was performing aboard the R/V ROGER REVELLE, c) Decedent GREGG JUERGENS agreed to work for REGENTS-UCSD-SCRIPPS aboard the R/V ROGER REVELLE, d) REGENTS-UCSD-SCRIPPS furnished the work tools of Decedent GREGG JUERGENS, including the R/V ROGER REVELLE, e) Decedent GREGG JUERGENS was subject to the commands and control of REGENTS-UCSD-SCRIPPS via its agent Defendant DAVID MURLINE, Captain/Master of the R/V ROGER REVELLE.

22.     At all times material, Defendant GREGG JUERGENS was an employee, agent, and/or servant of Defendant KONGSBERG.

23.     Alternatively, Decedent GREGG JUERGENS was a borrowed servant of Defendant KONGSBERG pursuant to *Standard Oil v. Anderson*, 212 U.S. 215 (1909) and its progeny. At all times material, a) Decedent GREGG JUERGENS was performing work on KONGSBERG's behalf aboard the R/V ROGER REVELLE, b) Defendant KONGSBEG had

control over the work Decedent GREGG JUERGENS was performing aboard the R/V ROGER REVELLE, c) Decedent GREGG JUERGENS agreed to operate KONGSBERG radar equipment on the R/V ROGER REVELLE, d) KONGSBERG furnished tools to Decedent GREGG JUERGENS, including radar equipment, to be used aboard the R/V ROGER REVELLE, e) Decedent GREGG JUERGENS was subject to the authority and control of KONGSBERG.

24.     Decedent GREGG JUERGENS' work on the vessel was not as "scientific personnel." Instead, Decedent GREGG JUERGENS' service on the vessel was to assist in the vessel's operation and navigation, as an engineer tasked with maintenance of radar equipment.

25.     On the evening of October 16, 2020, Decedent GREGG JUERGENS ate dinner with the crew. A short time later, Decedent GREGG JUERGENS complained to Defendant DAVID MURLINE, the R/V ROGER REVELLE's Captain/Master and Shipboard Medic of sharp chest pains, a numb hand, and symptoms of acid reflux. After examination, he was further noted to have elevated blood pressure. He also had symptoms of nausea and vomiting following their encounter.

26.     Upon information and belief, Defendant DAVID MURLINE, dismissed Decedent GREGG JUERGENS' symptoms as food intolerance, sent him back to his bunk and instructed him to sleep.

27.     On the morning of October 17, 2020, the ship's crew entered Decedent GREGG JUERGENS's cabin to check on him and found him lying in bed, unresponsive and not breathing. Crew then called 9-1-1 for assistance. At 0754 paramedics arrived on the scene, evaluated Decedent GREGG JUERGENS and confirmed his death. A subsequent autopsy report revealed his cause of death was cardiopulmonary arrest, colloquially known as a 'heart attack.'

28.     Notably, at the time Decedent GREGG JUERGENS reported his symptoms to Defendant DAVID MURLINE, the R/V ROGER REVELLE was within 10 miles of two renowned hospitals.

29.     At all relevant times, the symptoms Decedent GREGG JUERGENS complained to Defendant DAVID MURLINE were classic for an acute coronary syndrome and should have been recognized as such by anyone performing the role of a ship's medic. Defendant DAVID

1   MURLINE did not rule out any heart related issues, and assumed the symptoms were related to

2   work and a spicy dinner.

3       30.     At all relevant times, Decedent GREGG JUERGENS had the following classic

4   symptoms and complaints that should have alerted Defendant DAVID MURLINE, as vessel

5   Captain/Master and Shipboard Medic, he was having a cardiac event (acute coronary syndrome):

6   chest pain, numbness in his hand, elevated blood pressure, nausea, and vomiting. These classic

7   symptoms of myocardial ischemia are well established in medical science.

8       31.     Based on Decedent GREGG JUERGENS' complaints, he was experiencing an

9   acute lack of blood supply to the heart resulting in heart cell injury and death.

10      32.     At all relevant times, Defendant DAVID MURLINE should have recognized the

11  classic symptoms of myocardial ischemia/infarction and immediately called 9-1-1 to transfer

12  Decedent GREGG JUERGENS for acute medical care.

13      33.     Heart attacks are a time sensitive condition that require early diagnosis and

14  treatment. This means that delayed diagnosis and treatment of this condition leads to increased

15  morbidity and mortality. Had Decedent GREGG JUERGENS been immediately referred for care

16  on the night of October 16, 2020, the medical care team at the hospital would have been able to

17  reestablish adequate blood flow for the heart thus preventing his sudden death.

**FIRST CAUSE OF ACTION**
**SEAMAN'S WRONGFUL DEATH AND SURVIVAL ACTION**
***JONES ACT NEGLIGENCE***
**AGAINST DEFENDANTS REGENTS-UCSD-SCRIPPS, KONGSBERG AND**
**DOES 1 – 5**

18

19

20

21      34.     Plaintiffs re-allege, adopt, and incorporate by reference the allegations in the

22  paragraphs 1- 33 as though alleged originally herein.

23      35.     This is a seaman's personal injury action arising under 46 U.S.C. § 30104 et seq.

24  (commonly known as the "Jones Act"), providing that a "seaman injured in the course of

25  employment or, if the seaman dies from the injury, the personal representative of the seaman may

26  bring a civil action at law, with the right of trial by jury against the employer."

27

28

36.     At all times material, Decedent GREGG JUERGENS was employed as a seaman and as a member of the crew on the vessel R/V ROGER REVELLE, which was in navigable waters.

37.     Terms such as "seaman" and "vessel" have a wide range of meaning; as such, only a jury or trier of facts can determine their application. *Estate of Wenzel v. Seaward Marine Services, Inc.*, 709 F.2d 1326, 1327 (9th Cir.1983). Where there is evidence supporting seaman status, the determination of whether an injured employee is a seaman covered by the Jones Act is a question of fact for the jury. *McDermott Inc. v. Wilander*, 498 U.S. 337, 350 (1991).

38.     At all times material, Decedent GREGG JUERGENS was an employee and/or borrowed servant of REGENTS-UCSD-SCRIPPS, while working on the vessel R/V ROGER REVELLE.

39.     At all times material, Decedent GREGG JUERGENS was an employee and/or borrowed servant of Defendant KONGSBERG, while working on the vessel R/V ROGER REVELLE.

40.     In his capacity as radar maintainer and operator on the R/V ROGER REVELLE, Decedent GREGG JUERGENS' duties contributed to the function of a vessel in navigation and the accomplishment of its mission. These contributions were substantial both in duration and nature.

41.     The Oceanographic Research Vessels Act ("ORVA"), 46 U.S.C. Decedent §§441-445 does not affect Plaintiffs' claims and protections under the Jones Act. At all times material, Decedent GREGG JUERGENS' work on the vessel was not as "scientific personnel." Instead, Decedent GREGG JUERGENS' service on the vessel was to assist in the vessel's operation and navigation, as an engineer tasked with maintenance and operation of radar equipment.

42.     Pursuant to the Jones Act, Defendants had a non-delegable duty to arrange, provide and pay for prompt, adequate and complete medical care and treatment for illnesses and/or injuries Decedent GREGG JUERGENS experienced while in the service of the vessel.

Wrongful Death and Survival Action Complaint
Jury Trial Demand

43.   Decedent GREGG JUERGENS' resulting injuries and death are due to the fault and negligence of Defendants, and/or their agents, servants, and/or employees in the following manner:

    a.   Failing to provide Decedent GREGG JUERGENS a reasonable place to work;

    b.   Failing to keep and maintain the vessel in a reasonably safe condition;

    c.   Failing to inspect the vessel;

    d.   Failing to use reasonable care to provide and maintain a safe place to work for Decedent GREGG JUERGENS, fit with proper and adequate crew;

    e.   Failing to provide adequate training, instruction, and supervision to the vessel's crew;

    f.   Failing to employ a shipboard medic capable of identifying common medical emergencies, including heart attacks;

    g.   Failing to use reasonable care to ensure the vessel had competent and adequately trained crew, including individuals holding themselves out as ship's medics;

    h.   Failing to train the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

    i.   Failing to adopt, implement and/or enforce policies and procedures to ensure adequate training of the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

    j.   Failing to arrange, provide and pay for prompt, adequate and complete medical care and treatment for Decedent GREGG JUERGENS, while in the service of the vessel;

    k.   Failing to adopt, implement and/or enforce policies and procedures to ensure passengers and crew on board the vessel receive prompt, proper and adequate medical care;

Wrongful Death and Survival Action Complaint
Jury Trial Demand

l.  Failing to timely disembark Decedent GREGG JUERGENS from the vessel, and transfer Decedent GREGG JUERGENS to a medical facility capable of providing him with prompt, proper and adequate medical care;

m.  Failing to adopt, implement and/or enforce policies and procedures to ensure timely disembarkation and transfer of passengers and crew to medical facilities in the event of heart attacks and other common medical emergencies;

n.  Creating dangerous conditions and/or failing to remedy dangerous conditions which were known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants;

o.  Failing to adopt, implement and/or enforce proper and adequate policies, protocols and procedures for inspection and maintenance of the vessel and its crew;

p.  Failing to take feasible and reasonable steps to eliminate the dangerous conditions which were known by the Defendants and which, in the exercise of reasonable care, should have been known by the Defendants;

q.  Failing to provide crew members who were associated with Decedent GREGG JUERGENS or Decedent GREGG JUERGENS' incidents giving rise to this action, reasonable work and rest hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties and cause them to overwork to the point of fatigue;

r.   Decedent GREGG JUERGENS' worksite lacked the site safety precautions available to comparable workers in comparable land-based jobs;

s.  Failing to follow sound management practices with the goal of providing Decedent GREGG JUERGENS a reasonably safe place to work;

t.  Failing to properly assess the condition of Decedent GREGG JUERGENS;

u.  Failing to timely diagnose and appropriately treat Decedent GREGG JUERGENS;

v.  Failing to assess Decedent GREGG JUERGENS' degree of injury and illness;

10

w.  Failing to obtain consultations with appropriate specialists;

x.  Failing to properly monitor Decedent GREGG JUERGENS;

y.  Failing to evacuate Decedent GREGG JUERGENS from the vessel for further care in a timely manner;

z.  Deviating from the standard of care for patients in Decedent GREGG JUERGENS' circumstances who had suffered a cardiac event;

44.    The negligence of the Defendants as described in the foregoing paragraph caused Decedent GREGG JUERGENS to suffer severe, permanent injuries and his death.

45.    Had Decedent GREGG JUERGENS received the appropriate care and treatment, it is more likely than not that he would have survived.

46.    At all times material hereto, Defendants negligently failed to determine the hazards on the vessel to Decedent GREGG JUERGENS, failed to eliminate the hazard, failed to modify the hazards and failed to properly warn Decedent GREGG JUERGENS of the hazards. In addition, Defendants violated the International Safety Management Code and failed to have a proper and adequate Safety Management System Manual and/or to follow it on board the vessels on which the Decedent GREGG JUERGENS served. All of the above caused Decedent GREGG JUERGENS to suffer severe, permanent injuries and die.

47.    Defendants knew of the foregoing conditions causing Decedent GREGG JUERGENS' incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

48.    As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS was injured and died.

49.    As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS experienced conscious physical pain and mental suffering prior to his death. Decedent GREGG JUERGENS was placed in great fear of his own life and own physical well-being and consciously suffered extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continued to suffer such terror, pain and anguish for a substantial

11

period of time until he died, all to Decedent's Estate's non-pecuniary damage in an amount to be proven at the time of trial.

50.   As a result of the acts and omissions of Defendants, the Estate of GREGG JUERGENS has become obligated to pay significant medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

51.   As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  PATTI BERG during either the life expectancy that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that  PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

52.   As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

53.   As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have provided during his natural life expectancy; b) the loss of gifts or benefits that GREGG JUERGENS' heirs, beneficiaries and successors in interest would have expected to receive from Decedent; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG

12

1   JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the
2   time of trial.

3         54.   Plaintiffs demand trial by jury for the First Cause of Action, pursuant to 46 U.S.C.
4   § 30104.

**SECOND CAUSE OF ACTION**
**SEAMAN'S WRONGFUL DEATH AND SURVIVAL**
*CLAIM FOR FAILURE TO TREAT*
**UNDER THE GENERAL MARITIME LAW**
**AGAINST DEFENDANTS REGENTS-UCSD-SCRIPPS, KONGSBERG AND**
**DOES 1 – 5**

9         55.   Plaintiffs re-allege, adopt, and incorporate by reference the allegations in
10   paragraphs 1 - 33 as though alleged originally herein.

11         56.   At all times material, Decedent GREGG JUERGENS was employed as a seaman
12   and as a member of the crew on the vessel R/V ROGER REVELLE, which was in navigable
13   waters.

14         57.   In his capacity as radar maintainer and operator on the R/V ROGER REVELLE,
15   Decedent GREGG JUERGENS' duties contributed to the function of a vessel in navigation and
16   the accomplishment of its mission. These contributions were substantial both in duration and
17   nature.

18         58.   At all material times, Defendants had a duty to provide Decedent GREGG
19   JUERGENS adequate emergency medical care, as is reasonable under the circumstances, for an
20   injured seaman. This gives rise to an independent cause of action for failure to provide prompt and
21   adequate medical care under the General Maritime Law – by virtue of Defendants' common law
22   obligation to provide maintenance and cure. *Garay v. Carnival Cruise Line, Inc.*, 904 F.2d 1527,
23   1533 n. 6 (11th Cir.1990); *Barlow v. Pan Atlantic S.S. Corp.*, 101 F.2d 697, 698 (2d Cir.1939).

24         59.   The Oceanographic Research Vessels Act ("ORVA"), 46 U.S.C. §§441-445 does
25   not affect Plaintiffs' rights under the Second Cause of Action, alleging 'Failure to Treat.' As a
26   matter of law, ORVA does not exclude remedies available under the General Maritime Law. *Craig*
27   *v. M/V Peacock on Complaint of Edwards*, 760 F.2d 953 (9th Cir. 1985); *Presley v. Caribbean*
28   *Seal*, 709 F.2d 406 (5th Cir. 1983); *Sennett v. Shell Oil. Co.*, 325 F.Supp.1 (E.D. La. 1971).

13

60.     Decedent GREGG JUERGENS' resulting injuries and death are due to the fault and negligence of Defendants, and/or their agents, servants, and/or employees in the following manner:

a.  Failing to employ a shipboard medic capable of identifying common medical emergencies, including heart attacks;

b.  Failing to use reasonable care to ensure the vessel had competent and adequately trained crew, including individuals holding themselves out as ship's medics;

c.  Failing to train the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

d.  Failing to adopt, implement and/or enforce policies and procedures to ensure adequate training of the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

e.  Failing to arrange, provide and pay for prompt, adequate and complete medical care and treatment for Decedent GREGG JUERGENS;

f.  Failing to adopt, implement and/or enforce policies and procedures to ensure passengers and crew on board the vessel receive prompt, proper and adequate medical care;

g.  Failing to timely disembark Decedent GREGG JUERGENS from the vessel, and transfer Decedent GREGG JUERGENS to a medical facility capable of providing him with prompt, proper and adequate medical care;

h.  Failing to adopt, implement and/or enforce policies and procedures to ensure timely disembarkation and transfer of passengers and crew to medical facilities in the event of heart attacks and other common medical emergencies;

i.  Failing to properly assess the condition of Decedent GREGG JUERGENS;

j.  Failing to timely diagnose Decedent GREGG JUERGENS' medical condition;

k.  Failing to adequately treat Decedent GREGG JUERGENS' medical condition;

l.  Failing to assess Decedent GREGG JUERGENS' degree of condition;

m. Failing to obtain consultations with appropriate specialists;

14

n.  Failing to properly monitor Decedent GREGG JUERGENS' medical condition;

o.  Failing to evacuate Decedent GREGG JUERGENS from the vessel for further care in a timely manner;

p.  Failing to have adequate diagnostic equipment aboard the vessel, which could have been used for diagnostic testing and evaluation of Decedent GREGG JUERGENS' condition;

q.  Failing to promptly provide Decedent GREGG JUERGENS with proper and adequate medical care and attention;

r.  Failing to adequately advise Decedent GREGG JUERGENS regarding his medical condition;

s.  Failing to recommend appropriate medical care;

t.  Failing to stabilize Decedent GREGG JUERGENS' medical condition;

u.  Allowing Decedent GREGG JUERGENS' medical condition to significantly deteriorate;

v.  Allowing Decedent GREGG JUERGENS' medical condition to deteriorate to the point where he required emergency medical treatment;

w.  Failing to recommend a proper and adequate medical facility to treat GREGG JUERGENS' emergency medical conditions;

x.  Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of Decedent GREGG JUERGENS;

y.  Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of Decedent GREGG JUERGENS;

z.  Deviating from the standard of care for patients in Decedent GREGG JUERGENS' circumstances who had suffered a cardiac event (acute coronary syndrome).

61.  The acts and omissions of the Defendants as described in the foregoing paragraph caused Decedent GREGG JUERGENS to suffer severe, permanent injuries and his death.

62.     At all times material hereto, Defendants negligently failed to determine the hazards on the vessel to Decedent GREGG JUERGENS, failed to eliminate the hazard, failed to modify the hazards and failed to properly warn Decedent GREGG JUERGENS of the hazards. In addition, Defendants violated the International Safety Management Code and failed to have a proper and adequate Safety Management System Manual and/or to follow it on board the vessels on which the Decedent GREGG JUERGENS served. All of the above caused Decedent GREGG JUERGENS to be injured and die.

63.     Defendants knew of the foregoing conditions causing Decedent GREGG JUERGENS' incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

64.     Had Decedent GREGG JUERGENS received the appropriate care and treatment, it is more likely than not that he would have survived.

65.     As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS was injured and died.

66.     As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS experienced conscious physical pain and mental suffering prior to his death. Decedent GREGG JUERGENS was placed in great fear of his own life and own physical well-being and consciously suffered extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continued to suffer such terror, pain and anguish for a substantial period of time until he died, all to Decedent's Estate's non-pecuniary damage in an amount to be prove at the time of trial.

67.     As a result of the acts and omissions of Defendants, the Estate of GREGG JUERGENS has become obligated to pay significant medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

68.     As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS' would have contributed to Plaintiff  PATTI BERG during either the life expectancy

16

that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that  PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

69.     As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

70.     As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed during his natural life expectancy; b) the loss of gifts or benefits that GREGG JUERGENS' heirs, beneficiaries and successors in interest would have expected to receive from Decedent; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the time of trial.

71.     As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff MELISSA JUERGENS' non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care

Wrongful Death and Survival Action Complaint
Jury Trial Demand

assistance, protection, affection, moral support, and b) the loss of Decedent's training and guidance. All to her non-pecuniary damage in amount to be proven at the time of trial.

72.     As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff PATTI BERG's non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance; and c) the loss of the enjoyment of sexual relations. All to her non-pecuniary damage in amount to be proven at the time of trial.

73.     As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future non-pecuniary damages, which they are entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). These losses include loss of Decedent's love, society, affection, care, comfort and consortium, all to their non-pecuniary damage in an amount to be proven at the time of trial.

74.     Plaintiff demands trial by jury for the Second Cause of Action, pursuant to 28 U.S.C. §1333 'savings to suitors' clause, and *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 18 (1963).

### THIRD CAUSE OF ACTION
### SEAMAN'S WRONGFUL DEATH AND SURVIVAL ACTION
### *CLAIM FOR UNSEAWORTHINESS*
### AGAINST DEFENDANTS REGENTS-UCSD-SCRIPPS AND DOES 6 - 10,
### AS OPERATORS OF R/V ROGER REVELLE, PURSUANT TO THE GENERAL
### MARITIME LAW AND *SEAS SHIPPING CO. V. SIERACKI*, 328 U.S. 85 (1946).

75.     Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 - 33 as though alleged originally herein.

76.     The doctrine of unseaworthiness is a feature of the General Maritime Law of the United States, imposing upon the vessel operator the absolute and nondelegable duty to provide its seamen with a vessel that is reasonably fit for its intended purpose. The warranty of seaworthiness

18

1  extends to all parts of the vessel and to all facets of its operation, imposing upon the vessel
2  operator a nondelegable duty to provide a competent captain and crew.

3       77.    At all relevant times, Defendants had possession and control of the R/V ROGER
4  REVELLE, including control over the vessel's captain and crew.

5       78.    Pursuant to the General Maritime Law of the United States, Defendants owed
6  Decedent GREGG JUERGENS an absolute and nondelegable duty to provide a seaworthy vessel,
7  including a nondelegable duty to provide a competent captain/master and shipboard medic.

8       79.    Defendants owed Decedent GREGG JUERGENS an absolute and nondelegable
9  duty to provide a seaworthy vessel because he was a seaman. In his capacity as radar maintainer
10 and operator on the R/V ROGER REVELLE, Decedent GREGG JUERGENS' duties contributed
11 to the function of a vessel in navigation and the accomplishment of its mission. These
12 contributions were substantial both in duration and nature.

13      80.    Alternatively, Defendants owed Decedent GREGG JUERGENS an absolute and
14 nondelegable duty to provide a seaworthy vessel because he was a *Sieracki Seaman*, as defined in
15 *Seas Shipping Co. v. Sieracki*, 328 U.S. 85 (1946).

16      81.    The Oceanographic Research Vessels Act ("ORVA"), 46 U.S.C. §§441-445 does
17 not affect Plaintiffs' rights under the Third Cause of Action, alleging 'Unseaworthiness.' As a
18 matter of law, ORVA does not exclude remedies available under the General Maritime Law, and
19 in particular, the absolute and nondelegable duty to provide a seaworthy vessel and crew. *Craig v.*
20 *M/V Peacock on Complaint of Edwards*, 760 F.2d 953 (9th Cir. 1985); *Presley v. Caribbean Seal*,
21 709 F.2d 406 (5th Cir. 1983); *Sennett v. Shell Oil. Co.*, 325 F.Supp.1 (E.D. La. 1971).

22      82.    Decedent GREGG JUERGENS' resulting injuries and death are due to Defendants'
23 breach of their absolute and nondelegable duty to provide a seaworthy vessel, including a
24 nondelegable duty to provide a competent captain/master and shipboard medic, as follows:

25      a. Failing to employ a shipboard medic capable of identifying common medical
26         emergencies, including heart attacks;

27      b. Failing to use reasonable care to ensure the vessel had competent and adequately
28         trained crew, including individuals holding themselves out as ship's medics;

19

c.  Failing to train the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

d.  Failing to adopt, implement and/or enforce policies and procedures to ensure adequate training of the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

e.  Failing to arrange, provide and pay for prompt, adequate and complete and medical care and treatment for Decedent GREGG JUERGENS;

f.  Failing to adopt, implement and/or enforce policies and procedures to ensure passengers and crew on board the vessel receive prompt, proper and adequate medical care;

g.  Failing to timely disembark Decedent GREGG JUERGENS from the vessel, and transfer Decedent GREGG JUERGENS to a medical facility capable of providing him with prompt, proper and adequate medical care;

h.  Failing to adopt, implement and/or enforce policies and procedures to ensure timely disembarkation and transfer of passengers and crew to medical facilities in the event of heart attacks and other common medical emergencies;

i.  Failing to properly assess the condition of Decedent GREGG JUERGENS;

j.  Failing to timely diagnose Decedent GREGG JUERGENS' medical condition;

k.  Failing to adequately treat Decedent GREGG JUERGENS' medical condition;

l.  Failing to assess Decedent GREGG JUERGENS' degree of condition;

m.  Failing to obtain consultations with appropriate specialists;

n.  Failing to properly monitor Decedent GREGG JUERGENS' medical condition;

o.  Failing to evacuate Decedent GREGG JUERGENS from the vessel for further care in a timely manner;

p.  Failing to have adequate diagnostic equipment aboard the vessel, which could have been used for diagnostic testing and evaluation of Decedent GREGG JUERGENS' condition;

Wrongful Death and Survival Action Complaint
Jury Trial Demand

q.  Failing to promptly provide Decedent GREGG JUERGENS with proper and adequate medical care and attention;

r.  Failing to adequately advise Decedent GREGG JUERGENS regarding his medical condition;

s.  Failing to recommend appropriate medical care;

t.  Failing to stabilize Decedent GREGG JUERGENS' medical condition;

u.  Allowing Decedent GREGG JUERGENS' medical condition to significantly deteriorate;

v.  Allowing Decedent GREGG JUERGENS' medical condition to deteriorate to the point where he required emergency medical treatment;

w.  Failing to recommend an adequate a proper and adequate medical facility to treat GREGG JUERGENS' emergency medical conditions;

x.  Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of Decedent GREGG JUERGENS;

y.  Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of GREG JUERGENS;

z.  Deviating from the standard of care for patients in Decedent GREGG JUERGENS' circumstances who had suffered a cardiac event (acute coronary syndrome).

83.  Had Decedent GREGG JUERGENS received the appropriate care and treatment, it is more likely than not that he would have survived.

84.  As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS was injured and died.

85.  As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS experienced conscious physical pain and mental suffering prior to his death. Decedent GREGG JUERGENS was placed in great fear of his own life and own physical well-being and consciously suffered extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continued to suffer such terror, pain and anguish for a substantial

21

period of time until he died, all to the Decedent's Estate's non-pecuniary damage in an amount to be prove at the time of trial.

86.     As a result of the acts and omissions of Defendants, the Estate of GREGG JUERGENS has become obligated to pay significant medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

87.     As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  PATTI BERG during either the life expectancy that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that  PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

88.     As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

89.     As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed during his natural life expectancy; b) the loss of gifts or benefits that  GREGG JUERGENS' heirs, beneficiaries and successors in interest would have expected to receive from Decedent; c) funeral and burial expenses; and d) the reasonable value of household services that

22

Decedent GREGG JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the time of trial.

90.    As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff MELISSA JUERGENS' non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, moral support, and b) the loss of Decedent's training and guidance. All to her non-pecuniary damage in amount to be proven at the time of trial.

91.    As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff PATTI BERG's non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance; and c) the loss of the enjoyment of sexual relations. All to her non-pecuniary damage in amount to be proven at the time of trial.

92.    As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future non-pecuniary damages, which they are entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). These losses include loss of love, society, affection, care, comfort and consortium, all to their non-pecuniary damage in an amount to be proven at the time of trial.

93.    Plaintiff demands trial by jury for the Third Cause of Action, pursuant to 28 U.S.C. §1333 'savings to suitors' clause, and *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 18 (1963).

Wrongful Death and Survival Action Complaint
Jury Trial Demand

**FOURTH CAUSE OF ACTION**
**WRONGFUL DEATH AND SURVIVAL ACTION**
*NEGLIGENCE*
**AGAINST DEFENDANTS REGENTS-UCSD-SCRIPPS AND DOES 6 - 10,**
**UNDER GENERAL MARITIME LAW**

94.     Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 – 33 as though alleged originally herein.

95.     This cause of action is pled *in the alternative*, to the extent the finder of fact determines Decedent GREGG JUERGENS was not a seaman, but instead a non-seaman passenger/invitee on the R/V ROGER REVELLE.

96.     At all relevant times, Defendants owed to their passengers and invitees, including Decedent GREGG JUERGENS, a duty to exercise reasonable care for their health, welfare and safety. This included the duty to provide Decedent GREGG JUERGENS prompt and appropriate medical care.

97.     At all times material, Decedent GREGG JUERGENS was a "passenger for hire" aboard the dive vessel R/V ROGER REVELLE as that phrase is used in 33 CFR § 101.105 and within the meaning of *Yamaha Motor Corporation, U.S.A. v. Calhoun*, 516 U.S. 199, 215 (1996). Decedent GREGG JUERGENS was also an invitee on board a vessel pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959).

98.     At all relevant times, Defendants, by and through their vessel, crew, agents, servants, officers, staff and employees who were acting within the course of their employment and agency, were negligent, careless and breached their duty of care to Decedent GREGG JUERGENS, by committing the following acts and omissions:

  a.   Failing to employ a shipboard medic capable of identifying common medical emergencies, including heart attacks;

  b.   Failing to use reasonable care to ensure the vessel had competent and adequately trained crew, including individuals holding themselves out as ship's medics;

  c.   Failing to train the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

Wrongful Death and Survival Action Complaint
Jury Trial Demand

d. Failing to adopt, implement and/or enforce policies and procedures to ensure adequate training of the vessel's shipboard medic in emergency medicine, including identifying common medical emergencies such as heart attacks;

e. Failing to arrange, provide and pay for prompt, adequate and complete medical care and treatment for Decedent GREGG JUERGENS;

f. Failing to adopt, implement and/or enforce policies and procedures to ensure passengers and crew on board the vessel receive prompt, proper and adequate medical care;

g. Failing to timely disembark Decedent GREGG JUERGENS from the vessel, and transfer Decedent GREGG JUERGENS to a medical facility capable of providing him with prompt, proper and adequate medical care;

h. Failing to adopt, implement and/or enforce policies and procedures to ensure timely disembarkation and transfer of passengers and crew to medical facilities in the event of heart attacks and other common medical emergencies;

i. Failing to properly assess the condition of Decedent GREGG JUERGENS;

j. Failing to timely diagnose Decedent GREGG JUERGENS' medical condition;

k. Failing to adequately treat Decedent GREGG JUERGENS' medical condition;

l. Failing to assess Decedent GREGG JUERGENS' degree of condition;

m. Failing to obtain consultations with appropriate specialists;

n. Failing to properly monitor Decedent GREGG JUERGENS' medical condition;

o. Failing to evacuate Decedent GREGG JUERGENS from the vessel for further care in a timely manner;

p. Failing to have adequate diagnostic equipment aboard the vessel, which could have been used for diagnostic testing and evaluation of Decedent GREGG JUERGENS' condition;

q. Failing to promptly provide Decedent GREGG JUERGENS with proper and adequate medical care and attention;

Wrongful Death and Survival Action Complaint
Jury Trial Demand

r.  Failing to adequately advise Decedent GREGG JUERGENS regarding his medical condition;

s.  Failing to recommend appropriate medical care;

t.  Failing to stabilize Decedent GREGG JUERGENS' medical condition;

u.  Allowing Decedent GREGG JUERGENS' medical condition to significantly deteriorate;

v.  Allowing Decedent GREGG JUERGENS' medical condition to deteriorate to the point where he required emergency medical treatment;

w.  Failing to recommend an adequate a proper and adequate medical facility to treat GREGG JUERGENS' emergency medical conditions;

x.  Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of Decedent GREGG JUERGENS;

y.  Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of Decedent GREGG JUERGENS;

z.  Deviating from the standard of care for patients in Decedent GREGG JUERGENS' circumstances who had suffered a cardiac event (acute coronary syndrome).

99.  The negligence of the Defendants as described in the foregoing paragraph caused Decedent GREGG JUERGENS to suffer severe, permanent injuries and his death.

100.  Defendants had a duty to provide Decedent GREGG JUERGENS with reasonable care under the circumstances and through the acts of its agents and/or employees and/or servant, DAVID MURLINE, breached its duty to provide Decedent GREGG JUERGENS with reasonable care under the circumstances.

101.  Defendants knew of the foregoing conditions causing Decedent GREGG JUERGENS' incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

Wrongful Death and Survival Action Complaint
Jury Trial Demand

102.    Had Decedent GREGG JUERGENS received the appropriate care and treatment, it is more likely than not that he would have survived.

103.    As a direct and proximate result of acts and omissions of Defendants, Decedent GREGG JUERGENS did not receive competent medical care, as a result of which his condition deteriorated, and he died.

104.    As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS was injured and died.

105.    As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS experienced conscious physical pain and mental suffering prior to his death. Decedent GREGG JUERGENS was placed in great fear of his own life and own physical well-being and consciously suffered extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continued to suffer such terror, pain and anguish for a substantial period of time until he died, all to the Decedent's Estate's non-pecuniary damage in an amount to be prove at the time of trial.

106.    As a result of the acts and omissions of Defendants, the Estate of GREGG JUERGENS has become obligated to pay significant medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

107.    As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  PATTI BERG during either the life expectancy that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that  PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

108.    As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS

during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

109.   As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed during his natural life expectancy; b) the loss of gifts or benefits that  GREGG JUERGENS' heirs, beneficiaries and successors in interest would have expected to receive from Decedent; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the time of trial.

110.   As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff MELISSA JUERGENS' non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, moral support, and b) the loss of Decedent's training and guidance. All to her non-pecuniary damage in amount to be proven at the time of trial.

111.   As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff PATTI BERG's non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance; and c) the loss

of the enjoyment of sexual relations. All to her non-pecuniary damage in amount to be proven at the time of trial.

112.    As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future non-pecuniary damages, which they are entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). These losses include loss of love, society, affection, care, comfort and consortium, all to their non-pecuniary damage in an amount to be proven at the time of trial.

113.    Plaintiffs demand trial by jury for the Fourth Cause of Action, pursuant to 28 U.S.C. §1333 'savings to suitors' clause.

**FIFTH CAUSE OF ACTION**
**WRONGFUL DEATH AND SURVIVAL ACTION**
***NEGLIGENT HIRING, RETENTION AND TRAINING***
**AGAINST DEFENDANTS REGENTS-UCSD-SCRIPPS AND DOES 6 - 10,**
**UNDER GENERAL MARITIME LAW**

114.    Plaintiffs re-allege, adopt, and incorporate by reference the allegations in the paragraphs 1 - 33 as though alleged originally herein.

115.    This cause of action is pled in the alternative, to the extent the finder of fact determines Decedent GREGG JUERGENS was not a seaman, but instead a non-seaman passenger/invitee on the R/V ROGER REVELLE.

116.    At all times material, Decedent GREGG JUERGENS was a "passenger for hire" aboard the dive vessel R/V ROGER REVELLE as that phrase is used in 33 CFR § 101.105 and within the meaning of *Yamaha Motor Corporation, U.S.A. v. Calhoun*, 516 U.S. 199, 215 (1996). Decedent GREGG JUERGENS was also an invitee on board a vessel pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959).

117.    At all relevant times, Defendants owed to their passengers and invitees, including Decedent GREGG JUERGENS, a duty to exercise reasonable care for their health, welfare and safety.

118.    At all times material, Defendants owed a duty of reasonable care in hiring and/or retention of all shipboard medical personnel, including the shipboard medic. Defendants had a duty to hire medical personnel who were adequately qualified, trained and experienced to work aboard ships and to conduct examinations and evaluations of cardiac conditions which would require treatment aboard ships, or which might require further evaluations and/or treatments by shore side facilities and/or shore side physicians.

119.    At all times material, Defendants breached their duty of care with regard to hiring and/or retention of the ship's medic in one or more of the following manners:

a.   Failing to conduct an appropriate investigation into the background of the shipboard medic to determine if he was qualified to render emergency medicine, including diagnosis and evaluation of heart attacks;

b.   Failing to hire medical personnel that had appropriate training and experience in emergency medicine, including evaluation of heart attacks;

c.   Failing to hire medical personnel which were qualified and/or sufficiently trained and experienced in the use of diagnostic equipment aboard the vessel, which could have been used for diagnostic testing and evaluation of Decedent GREGG JUERGENS' condition;

d.   Failing to provide appropriate training and procedures to the shipboard medic for use of the ship's equipment for diagnostic testing;

e.   Failing to hire a shipboard medic and master that had appropriate training and experience in timely passenger evacuation during medical emergencies;

f.   Retaining a shipboard medic without providing adequate training and procedures for triage and referral to shore side facilities or physicians;

g.   Retaining a shipboard medic and master without providing adequate training and procedures for timely passenger evacuation during medical emergencies.

120.    The negligence of the Defendants as described in the foregoing paragraph caused Decedent GREGG JUERGENS to suffer severe, permanent injuries and his death.

121. Defendants knew of the foregoing conditions causing Decedent GREGG JUERGENS' incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

122. Had Decedent GREGG JUERGENS received the appropriate care and treatment, it is more likely than not that he would have survived.

123. As a direct and proximate result of acts and omissions of Defendants, Decedent GREGG JUERGENS did not receive competent medical care, as a result of which his condition deteriorated, and he died.

124. As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS was injured and died.

125. As a result of the acts and omissions of Defendants, Decedent GREGG JUERGENS experienced conscious physical pain and mental suffering prior to his death. Decedent GREGG JUERGENS was placed in great fear of his own life and own physical well-being and consciously suffered extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continued to suffer such terror, pain and anguish for a substantial period of time until he died, all to the Decedent's Estate's non-pecuniary damage in an amount to be prove at the time of trial.

126. As a result of the acts and omissions of Defendants, the Estate of GREGG JUERGENS has become obligated to pay significant medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

127. As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS' would have contributed to Plaintiff  PATTI BERG during either the life expectancy that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that  PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the

reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

128.   As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

129.   As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to GREGG JUERGENS' heirs, beneficiaries and successors in interest during his natural life expectancy; b) the loss of gifts or benefits they would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the time of trial.

130.   As a result of the acts and omissions of Defendants, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff MELISSA JUERGENS' non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, moral support, and b) the loss of Decedent's training and guidance. All to her non-pecuniary damage in amount to be proven at the time of trial.

131.   As a result of the acts and omissions of Defendants, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled

to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff PATTI BERG's non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance; and c) the loss of the enjoyment of sexual relations. All to her non-pecuniary damage in amount to be proven at the time of trial.

132.    As a result of the acts and omissions of Defendants, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future non-pecuniary damages, which they are entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). These losses include loss of love, society, affection, care, comfort and consortium, all to their non-pecuniary damage in an amount to be proven at the time of trial.

133.    Plaintiffs demand trial by jury for the Fifth Cause of Action, pursuant to 28 U.S.C. §1333 'savings to suitors' clause.

**SIXTH CAUSE OF ACTION**
**WRONGFUL DEATH AND SURVIVAL ACTION**
**NEGLIGENCE**
**AGAINST DEFENDANT DAVID MURLINE,**
**UNDER GENERAL MARITIME LAW**

134.    Plaintiffs re-allege, adopt, and incorporate by reference the allegations in the paragraphs 1 - 33 as though alleged originally herein.

135.    At all relevant times, Defendant DAVID MURLINE owed to Decedent GREGG JUERGENS, a duty to exercise reasonable care for his health, welfare and safety. This included the duty to provide Decedent GREGG JUERGENS duty to provide prompt and appropriate medical care.

136.    At all relevant times, Defendant DAVID MURLINE held himself out as a ship's medic.

137.   At all relevant times, Defendant DAVID MURLINE, was negligent, careless and breached his duty of care to Decedent GREGG JUERGENS, by committing the following acts and omissions:

a.   Failing to identify common medical emergencies, including heart attacks;

b.   Failing to arrange and provide for prompt, adequate and complete and medical care and treatment for Decedent GREGG JUERGENS;

c.   Failing to timely disembark Decedent GREGG JUERGENS from the vessel, and transfer Decedent GREGG JUERGENS to a medical facility capable of providing him with prompt, proper and adequate medical care;

d.   Failing to properly assess the condition of Decedent GREGG JUERGENS;

e.   Failing to timely diagnose Decedent GREGG JUERGENS' medical condition;

f.   Failing to adequately treat Decedent GREGG JUERGENS' medical condition;

g.   Failing to assess Decedent GREGG JUERGENS' degree of condition;

h.   Failing to obtain consultations with appropriate specialists;

i.   Failing to properly monitor Decedent GREGG JUERGENS' medical condition;

j.   Failing to evacuate Decedent GREGG JUERGENS from the vessel for further care in a timely manner;

k.   Failing to have adequate diagnostic equipment aboard the vessel, which could have been used for diagnostic testing and evaluation of Decedent GREGG JUERGENS' condition;

l.   Failing to promptly provide Decedent GREGG JUERGENS with proper and adequate medical care and attention;

m.   Failing to adequately advise Decedent GREGG JUERGENS regarding his medical condition;

n.   Failing to recommend appropriate medical care;

o.   Failing to stabilize Decedent GREGG JUERGENS' medical condition;

p.   Allowing Decedent GREGG JUERGENS' medical condition to significantly deteriorate;

34

q.  Allowing Decedent GREGG JUERGENS' medical condition to deteriorate to the point where he required emergency medical treatment;

r.  Failing to recommend an adequate a proper and adequate medical facility to treat GREGG JUERGENS' emergency medical conditions;

s.  Failing to utilize available medical testing and/or available medical equipment with an adequate frequency during the medical care and treatment of Decedent GREGG JUERGENS;

t.  Failing to utilize telephone and/or video consultations with specialists during the medical care and treatment of Decedent GREGG JUERGENS;

u.  Deviating from the standard of care for patients in Decedent GREGG JUERGENS' circumstances who had suffered a cardiac event (acute coronary syndrome).

138.  The negligence of the Defendant as described in the foregoing paragraph caused Decedent GREGG JUERGENS to suffer severe, permanent injuries and his death.

139.  Defendant had a duty to provide Decedent GREGG JUERGENS with reasonable care under the circumstances, and breached his duty to provide Decedent GREGG JUERGENS with reasonable care under the circumstances.

140.  Defendant knew of the foregoing conditions causing Decedent GREGG JUERGENS' incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

141.  Had Decedent GREGG JUERGENS received the appropriate care and treatment, it is more likely than not that he would have survived.

142.  As a direct and proximate result of acts and omissions of Defendant, Decedent GREGG JUERGENS did not receive competent medical care, as a result of which his condition deteriorated, and he died.

143.  As a result of the acts and omissions of Defendant, Decedent GREGG JUERGENS was injured and died.

Wrongful Death and Survival Action Complaint
Jury Trial Demand

144. As a result of the acts and omissions of Defendant, Decedent GREGG JUERGENS experienced conscious physical pain and mental suffering prior to his death. Decedent GREGG JUERGENS was placed in great fear of his own life and own physical well-being and consciously suffered extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continued to suffer such terror, pain and anguish for a substantial period of time until he died, all to the Decedent's Estate's non-pecuniary damage in an amount to be prove at the time of trial.

145. As a result of the acts and omissions of Defendant, the Estate of GREGG JUERGENS has become obligated to pay significant medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

146. As a result of the acts and omissions of Defendant, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  PATTI BERG during either the life expectancy that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that  PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

147. As a result of the acts and omissions of Defendant, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

148. As a result of the acts and omissions of Defendant, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to

suffer in the future: a) the financial support Decedent GREGG JUERGENS would have contributed during his natural life expectancy; b) the loss of gifts or benefits that GREGG JUERGENS' heirs, beneficiaries and successors in interest would have expected to receive from Decedent; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the time of trial.

149.    As a result of the acts and omissions of Defendant, Plaintiff MELISSA JUERGENS has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff MELISSA JUERGENS' non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, moral support, and b) the loss of Decedent's training and guidance. All to her non-pecuniary damage in amount to be proven at the time of trial.

150.    As a result of the acts and omissions of Defendant, Plaintiff PATTI BERG has lost in the past, and will continue to suffer in the future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). Plaintiff PATTI BERG's non-pecuniary losses include a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance; and c) the loss of the enjoyment of sexual relations. All to her non-pecuniary damage in amount to be proven at the time of trial.

151.    As a result of the acts and omissions of Defendant, the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS lost in the past, and will continue to suffer in the future non-pecuniary damages, which they are entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970). These losses include loss of love, society, affection, care, comfort and consortium, all to their non-pecuniary damage in an amount to be proven at the time of trial.

Wrongful Death and Survival Action Complaint
Jury Trial Demand

152.    Plaintiffs demand trial by jury for the Sixth Cause of Action, pursuant to 28 U.S.C. §1333 'savings to suitors' clause.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    To the Estate of GREGG JUERGENS damages for experiencing conscious physical pain and mental suffering prior to his death, including being placed in great fear of his own life and own physical well-being and consciously suffering extreme, severe, and relentless mental and emotional anguish, terror, and physical pain, and continuing to suffer such terror, pain and anguish for a substantial period of time until he died, all to the Decedent's Estate's non-pecuniary damage in an amount to be proven at the time of trial.

2.    To the Estate of GREGG JUERGENS damages medical bills and other pecuniary expenses, all to its pecuniary damage in amount to be proven at the time of trial.

3.    To PATTI BERG, individually, past and future: a) financial support Decedent GREGG JUERGENS would have contributed to Plaintiff PATTI BERG during either the life expectancy that Decedent GREGG JUERGENS had before his death or PATTI BERG's life expectancy, whichever is shorter; b) the loss of gifts or benefits that PATTI BERG would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

4.    To PATTI BERG, individually, past and future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Morgane v. States Marine Lines, Inc*., 398 U.S. 375 (1970), including: a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance; and c) the loss of the enjoyment of sexual relations. All to her non-pecuniary damage in amount to be proven at the time of trial.

5.    To MELISSA JUERGENS, individually, past and future: a) financial support Decedent GREGG JUERGENS would have contributed to Plaintiff  MELISSA JUERGENS

Wrongful Death and Survival Action Complaint
Jury Trial Demand

during either the life expectancy that Decedent GREGG JUERGENS had before his death or MELISSA JUERGENS' life expectancy, whichever is shorter; b) the loss of gifts or benefits that MELISSA JUERGENS would have expected to receive from Decedent GREGG JUERGENS; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to her pecuniary damage in amount to be proven at the time of trial.

6.      To MELISSA JUERGENS, individually, past and future non-pecuniary damages, which she is entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970), including: a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance. All to her non-pecuniary damage in amount to be proven at the time of trial.

7.      To the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS: a) financial support Decedent GREGG JUERGENS would have contributed during his natural life expectancy; b) the loss of gifts or benefits that GREGG JUERGENS' heirs, beneficiaries and successors in interest would have expected to receive from Decedent; c) funeral and burial expenses; and d) the reasonable value of household services that Decedent GREGG JUERGENS would have provided. All to their pecuniary damage in amount to be proven at the time of trial

8.      To the heirs, beneficiaries and successors in interest of the Estate of GREGG JUERGENS, past and future non-pecuniary damages, which they are entitled to claim, pursuant to the General Maritime Law and in particular *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970), including: a) the loss of Decedent GREGG JUERGENS' love, companionship, comfort, care assistance, protection, affection, society, moral support, b) the loss of Decedent's training and guidance. All to their non-pecuniary damage in amount to be proven at the time of trial.

9.      For such other and further relief as the Court may deem proper.

Wrongful Death and Survival Action Complaint
Jury Trial Demand

Date: August 30, 2022,

NELSON & FRAENKEL, LLP


By *s/Carlos F. Llinás Negret*
Carlos F. Llinás Negret
*Attorneys for Plaintiff*

## JURY TRIAL DEMAND/REQUEST

Plaintiff hereby requests and demands a trial by jury on all claims so triable.

Date: August 30, 2022.

NELSON & FRAENKEL, LLP


By *s/Carlos F. Llinás Negret*
Carlos F. Llinás Negret
*Attorneys for Plaintiff*

Wrongful Death and Survival Action Complaint
Jury Trial Demand